United States District Court
Southern District of Texas
**ENTERED**
December 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ALMA MARTINEZ AND MARIO A. MARTINEZ | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:23-CV-90 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § § § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On October 27, 2023, United States Magistrate Judge John A. Kazen ordered counsel for Plaintiffs Alma Martinez and Mario A. Martinez to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(b). (Dkt. No. 8 at 3). On November 13, 2023, Plaintiffs' counsel filed his response to the order. (Dkt. No. 12). For the reasons that follow, the District Court should impose as a sanction the requirement Perry J. Dominguez II complete three (3) hours of Texas Bar Association certified continuing legal education ("CLE") for filing Plaintiffs' opposed motion to remand and the legal contentions set forth therein. (Dkt. No. 3).

**I. BACKGROUND**

On July 18, 2023, Plaintiffs brought suit in the 49th District Court, in Webb County, Texas, against Defendants Allstate Vehicle and Property Insurance Company ("Allstate") and an insurance adjuster employed by Allstate, Gary Heasley ("Heasley"). (*See* Dkt. Nos. 1-5 and 1-13). Perry J. Dominguez II ("Dominguez") (Texas Bar No. 24055414) and Naomi Lara (Texas Bar No. 24096944) are listed as the attorneys of record for Plaintiffs in this proceeding. (Dkt. No. 1-5 at 19).

On August 18, 2023, Allstate elected to "accept legal responsibility for whatever liability [Heasley] might have to Plaintiffs." (Dkt. No. 1-10 at 2). Subsequently, on August 24, 2023, Allstate removed this case to federal court, alleging diversity jurisdiction. (Dkt. No. 1 at 1–3). While Heasley was not diverse in citizenship from Plaintiffs, Allstate—citing the Fifth Circuit's decision in *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469 (5th Cir. 2022)—averred Heasley's dismissal was automatic following its election to accept liability for Heasley pursuant to § 542A.006(a) of the Texas Insurance Code. (*Id.*). Therefore, Allstate argued, Heasley was improperly joined at the time of removal. (*Id*).

On August 28, 2023, United States Magistrate Judge John A. Kazen ("Judge Kazen") ordered Plaintiffs file an advisory stating "whether they agree, based on § 542A.006(a) of the Texas Insurance Code and the Fifth Circuit's decision in *Advanced Indicator*, that Heasley is improperly joined and should be immediately terminated from this case." (Dkt. No. 2 at 2). In response, on September 13, 2023, Dominguez filed an opposed motion to remand. (Dkt. No. 3).

The District Court denied the motion and terminated Heasley from this matter on October 13, 2023. (Dkt. No. 6). In the District Court's order, the district judge reported "nowhere in their motion do Plaintiffs address *Advanced Indicator*" as directed. (*Id.* at 2). Instead, to support their claim that Heasley was properly joined, Plaintiffs cited two unpublished district court cases that were overruled by *Advanced Indicator*. (*Id.* at 4; *See also* Dkt. No. 3 at 10–11).

On October 27, 2023, Judge Kazen ordered counsel for Plaintiffs Alma Martinez and Mario A. Martinez to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(b). (Dkt. No. 8 at 3). On November 13, 2023, Dominguez filed his response to the order. (Dkt. No. 12). This matter was reassigned to the Undersigned by the district judge on November 16, 2023. (Dkt. No. 13).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides:

By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information.

Fed. R. Civ. P. 11(b). Thus, "[a] signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and

is satisfied that the document is well grounded in both . . ." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991). "The essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit. A signature sends a message to the district court that this document is to be taken seriously." *Id.* at 546. The rule's purpose is to bring home to the signer his responsibility to "validate the truth and legal reasonableness of the papers filed." *Id.* at 547 (quoting *Pavelic & LeFlore v. Marvel Entertainment Grp.*, 493 U.S. 120, 126 (1989)).

In determining whether an attorney has satisfied his or her obligations under Rule 11, the standard with which he or she "is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir.) (en banc), *cert denied*, 540 U.S. 1047 (2003) (internal quotation omitted). It is sanctionable conduct for counsel to file pleadings with no legal or factual justification. *See Truck Treads, Inc. v. Armstrong Rubber Co.*, 868 F.2d 1472, 1474 (5th Cir. 1989). Further, "when a reasonable amount of research would have revealed that a party's position is groundless, Rule 11 sanctions are appropriate." *Goldman v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 03-759, 2004 WL 2435500 (E.D. La. Oct. 29, 2004).

The Court may *sua sponte* order an attorney or law firm to show cause why certain specified conduct has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3). If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose sanctions on any attorney or law firm that is responsible for the violation. *See* Fed. R. Civ. P. 11(c)(1).

## III. ANALYSIS

Here, the show cause order addressed Dominguez's opposed motion to remand and the legal contentions set forth therein, implicating Rule 11(b)(2).[1]

### A. Dominguez's Opposed Motion to Remand and Response

After the Court issued its show cause order, Dominguez filed his response. (Dkt. No. 12). In his response, Dominguez contends:

> [Plaintiffs'] case is distinguished from *Advanced Indicator* because Defendant Gary Heasley, the non-diverse defendant, has not been dismissed in the present litigation. It is Plaintiffs' understanding that in *Advanced Indicator*, Defendant's adjuster Warren, or the non-diverse defendant, was dismissed. Admittedly, it is unclear the timing of Warren's dismissal.
>
> [ . . . ]
>
> Moreover, in the present case, the fact that the non-diverse defendant was never dismissed may be a novel issue for appeal and it is in the best interest of Plaintiffs to have the opportunity to appeal a decision made in accordance with the 5th Circuit[']s holding.

(*Id.* at 3 and 5). Dominguez is mistaken. Contrary to his contentions, according to the Court's CM/ECF or PACER docketing system the non-diverse defendant, Warren, was not dismissed prior to removal in *Advanced Indicator*. *See* Plaintiff's Motion to Remand at 9, *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, No. CV H-18-3059 (S.D. Tex. Jan. 19, 2021), (Dkt. No. 10). As an initial matter, the facts of Plaintiff's case, in this regard, are indistinguishable, presenting no novel issue.

---

[1] Subsections (1), (3), and (4) are not at issue. Subsection (1) addresses certification that a paper is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. There is no evidence Dominguez filed his motion to remand for an improper purpose. (*See* Dkt. Nos. 3 and 12). Subsections (3) and (4) address factual contentions, which are the not the focus of the show cause order. (*See* Dkt. No. 8).

In *Advanced Indicator*, Plaintiff Advanced Indicator and Manufacturing, Inc., ("Advanced") brought suit in the 152nd District Court, in Harris County, Texas, against Defendants Acadia Insurance Company ("Acadia") and an insurance adjuster employed by Acadia, Nick Warren ("Warren"). (*See id.*, (Dkt. No. 1-2)). Acadia elected to accept responsibility for Warren under § 542A.006(a) of the Texas Insurance Code, which provides that an insurer may accept liability for its agents. (*See id.*, (Dkt. No. 1 at 4)). The next day, Acadia removed the case to federal court. (*See id.*, (Dkt. No. 1)). Subsequently, Advanced filed its motion to remand. (*See id.*, (Dkt. No. 10)). The district court denied the motion and, finding him improperly joined, terminated Warren from the case. (*See id.*, (Dkt. No. 16)). Advanced appealed, tasking the Fifth Circuit with determining "whether Acadia's § 542A.006(a) election made the matter removable." *Advanced Indicator*, 50 F.4th at 473.

The Fifth Circuit held it did. *Id.* at 474. In its decision, the Fifth Circuit found "because Advanced and Warren [were] both Texas residents, there was not complete diversity at the outset of the suit, and the matter could not be removed." *Id.* at 472. However:

> "[T]o determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal*" . . . In this case, Warren was improperly joined after Acadia's election because § 542A.006's mandate that an agent be dismissed with prejudice dictates that Advanced had no possibility of recovery against him . . . [B]ecause Warren was improperly joined at the time of removal, Acadia's removal was proper.

*Id.* at 474. Accordingly, the Fifth Circuit's *Advanced Indicator* decision, issued October 3, 2022, sharply contrasts with the claims put forth in Dominguez's motion

to remand and response to the show cause order. For example, Dominguez's motion states "[Allstate]'s acceptance of liability for Heasley does not in itself create grounds for removal." (Dkt. No. 3 at 7). This is the opposite of the Fifth Circuit's holding in *Advanced Indicator*. Further, as discussed above, Dominguez attempts to distinguish Plaintiffs' case and *Advanced Indicator* in his response—but the facts are the same. The non-diverse parties—here, Heasley, and in *Advanced Indicator*, Warren—are both insurance adjusters. In both cases their employers elected to accept liability post-suit, pre-removal pursuant to § 542A.006(a). Dominguez claims the fact Heasley was never dismissed may be a novel issue for appeal, but in *Advanced Indicator* neither was Warren.

Had Dominguez undertaken a reasonable inquiry, he would have known that his motion to remand was destined to fail. The claims put forth in his motion, and response, were not warranted by existing law. This is a violation of Rule 11(b)(2).

### B. Rule 11 Sanctions

Having determined that Dominguez violated Rule 11(b)(2), the Court now addresses the matter of an appropriate sanction.

The Fifth Circuit has recognized that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 876–77 (5th Cir. 1988). "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* at 878.

> In considering what form of sanction to impose, the Court may consider:
>
> (1) whether the conduct was willful or negligent; (2) whether the activity was isolated or part of a pattern of activity; (3) whether the conduct affected only a single event within the case or the entire litigation; (4) any previous similar conduct by the attorney; (5) whether the conduct was intended to cause injury; (6) the effect of the conduct on the litigation in terms of time and expense; (7) whether the responsible party was trained in the law; and (8) what sanction, given the financial resources of the responsible person, is needed to deter similar activity by other litigants.

*Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1190 (E.D. Tex. 1996) (citing Advisory Committee Notes on Fed. R. Civ. P. 11 (1993 Amendments)). "Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 265 (5th Cir. 2007) (quoting *Thomas*, 836 F.2d at 878); Advisory Committee Notes on Fed. R. Civ. P. 11 (1993 Amendments) ("sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.").

For *sua sponte* show cause orders, as in this instance, "in such circumstances, the Court's sanctions are limited to nonmonetary directives or penalties paid to the Court." *Alarcon v. Aberration, Inc.*, No. 5:21-CV-128, 2021 WL 5987026 (S.D. Tex. Dec. 16, 2021) (Garcia Marmolejo, J.) (*citing to Marlin v. Moody Nat'l Bank, NA*, 533 F.3d 374, 379 (5th Cir. 2008)); Fed. R. Civ. P. 11(c)(4). Examples of appropriate monetary penalties payable to the court and nonmonetary sanctions for violating Rule 11(b) include:

(1) a public reprimand contained within a Memorandum Opinion and Order, *see Jenkins v. Methodist Hosps. of Dallas, Inc.*, No. 3:02–CV–1823–M, 2004 WL 2871006 (N.D. Tex. Dec. 14, 2004), *aff'd*, 478 F.3d 255 (5th Cir. 2007); (2) ordering the violating attorney to complete 30 hours of continuing legal education and to submit letters of apology to the opposing party and counsel, *see Crank v. Crank*, No. CIV.A. 3:96-CV-1984D, 1998 WL 713273, at *1 (N.D. Tex. Oct. 8, 1998), *aff'd*, 194 F.3d 1309 (5th Cir. 1999); and (3) a public reprimand, completion of ten hours of continuing legal education in the area of ethics (in addition to the CLE requirements imposed by the Texas State Bar) within 1 year of the sanctions order, presenting the Court with proof of completion of such, a $2,500 fine payable to the Court, and referring the case to the Texas State Bar Association's Disciplinary Committee for further investigation, *Bullard*, 925 F. Supp. at 1191.

*SyncPoint Imaging, LLC v. Nintendo of Am. Inc*, NO. 215CV00247JRGRSP, 2018 WL 6788033 (E.D. Tex. Dec. 26, 2018) (collecting cases).

In his response to the show cause order, Dominguez states he "sincerely apologizes to this Honorable Court and to opposing counsel to the extent he misconstrued and misunderstood applicable case law or did not effectively communicate arguments." (Dkt. No. 12 at 3). He further states he "reasonably believed that he had addressed and highlighted the potential novel issue present in the subject litigation that was distinguished from *Advanced Indicator* in Plaintiff's [m]otion to [r]emand." (*Id.* at 2). Affording Dominguez every benefit of the doubt, the Court finds this statement unconvincing. Even after Judge Kazen ordered him to do so, Dominguez did not acknowledge *Advanced Indicator* in his motion to remand.

For the foregoing reasons, the Court finds that the minimum sanction necessary to deter repetition by Dominguez and others similarly situated is completion of three (3) hours of Texas Bar Association certified continuing legal education ("CLE") on a subject or subjects related to legal research.

## IV. RECOMMENDATION

The Undersigned **RECOMMENDS** the District Court find Dominguez's filing Plaintiffs' opposed motion to remand and the legal contentions set forth therein merit sanctions under Federal Rule of Civil Procedure 11(b)(2).

The Undersigned further **RECOMMENDS** the District Court find the following sanction appropriate in this case:

Perry J. Dominguez II shall complete three (3) hours of Texas Bar Association certified continuing legal education ("CLE") on a subject or subjects related to legal research. Dominguez shall have six (6) months, or until Friday, June 21, 2024, to complete these hours and shall present the Court with proof of completion on or before that same date.

## NOTICE TO PARTIES

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** December 21, 2023.

Christopher dos Santos
United States Magistrate Judge